FRED WASHINGTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Washington v. Commissioner
Docket No. 9514-83.
United States Tax Court
T.C. Memo 1987-145; 1987 Tax Ct. Memo LEXIS 141; 53 T.C.M. (CCH) 382; T.C.M. (RIA) 87145; March 18, 1987. Jaundell D. Glass for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: SECTION 6654
SECTION 6653(b) [1]
YEAR
DEFICIENCY
ADDITION TO TAX
ADDITION TO TAX
1976
546.50
20.34
273.25
1977
14,603.48
519.62
7,301.74  1978
17,269.50
551.28
8,634.76  1979
1,188.22
49.67
594.11
The issues are whether respondent's determinations of deficiencies, section 6654 additions to tax, and section 6653(b) additions to tax should be sustained. *142 FINDINGS OF FACT Pursuant to an order of this Court, the facts contained in respondent's Request for Admissions were deemed admitted. The facts so admitted are found according. Neither petitioner nor a representative of petitioner attended or participated in the trial held in this matter. Petitioner resided in Oklahoma City, Oklahoma at the time he filed the petition in this case. Petitioner has not filed Federal income tax returns for any of the years at issue, but had filed returns for years prior to the years in issue. During the years at issue, petitioner engaged in the business of farming and real estate leasing and sales. During such period, he operated Americao Real Estate as a wholly-owned proprietorship. Petitioner received during such period taxable income from various sources, including farming operations, real estate sales, real estate leasing, and distributions from cooperative farming associations. Petitioner failed to maintain any formal books or records and the original source records submitted to respondent by petitioner were incomplete, inaccurate, and failed to reveal substantial amounts of taxable income. Petitioner's taxable income and deficiencies *143 for the years in issue are shown below: YEAR
TAXABLE INCOME
DEFICIENCY
1976
2,810.99
546.50
1977
36,585.88
14,603.48
1978
40,652.32
17,269.50
1979
9,669.37
[2] 1,107.22
Petitioner maintained multiple bank accounts, yet represented to respondent's agents that he had only one bank account. He utilized currency in a willful effort to conceal his current income tax liabilities. Petitioner engaged in bartering without maintaining records. Petitioner failed to cooperate with respondent's agents during the investigation, purposely mislead respondent's agents with respect to material facts, and made false and misleading statements to respondent's agents. Petitioner was aware that he received substantial amounts of business income during the 1976 through 1979 taxable years and handled his business transactions in a manner devised to conceal his correct taxable income. OPINION Petitioner failed to appear at the trial of this matter and failed to introduce evidence to prove that respondent's determinations of deficiencies and *144 section 6654 additions to tax were incorrect. Petitioner has the burden of proving such determinations incorrect. See Rule 142(a); . Petitioner has failed to meet his burden of proof, accordingly we sustain respondent's determinations of deficiencies and section 6654 additions to tax. Respondent also determined section 6653(b) additions to tax for civil fraud. During the years in issue, section 6653(b) provided for an addition to tax equal to 50 percent of an underpayment, where any portion of such underpayment was due to fraud. Fraud is an intentional wrongdoing motivated by a specific purpose to evade a tax known or believed to be owing. , affg. a Memorandum Opinion of this Court; . Respondent bears the burden of proving fraud by clear and convincing evidence. Section 7454(a); Rule 142(b); ;. The presence of fraud is a factual question to be determined by an examination *145 of the entire record. . In each of the years before the Court, respondent has proven that petitioner had substantial income, yet failed to file returns or pay tax. Accordingly we hold that respondent has clearly met his burden of proving an underpayment of tax in each of the years before the Court. Failure to file returns, without more, is not sufficient to prove fraud. . Failure to file may, however, be considered in connection with other facts in determining whether an underpayment is due to fraud. . Respondent has proven that petitioner failed to file returns for the years in issue; had substantial income for the years in issue; did not maintain adequate books and records; maintained multiple bank accounts, yet represented to respondent's agents that he had only one; utilized currency in a willful effort to conceal his current income tax liabilities; engaged in bartering without maintaining records thereof; mislead, made false statements to, and refused to cooperate with respondent's agents; *146 was aware that he received substantial amounts of income during the years in issue; and handled his business transactions in a manner devised to conceal his correct tax liability. Petitioner had filed returns for years prior to the years at issue and was thus aware of his Federal income tax obligations. On these facts, we readily hold that respondent has met his burden of proving fraud by clear and convincing evidence for each of the years at issue. Respondent's determination of additions to tax for fraud is sustained. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended and in effect during the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The correct 1979 deficiency is lower than the 1979 deficiency determined by respondent because of a mathematical error.↩